O’Neall, J.
dissenting. The case of Millers vs. Grice & McMillan, 1 Rich. 147, ruled that the fact that the offence was committed in North Carolina, did not make the defendant liable as a trespasser. That case holds that the defendant could only be made answerable in case. Assuming that the former case was rightly decided, it is now to be examined whether in case the defendant, a magistrate, is liable for mere error of judgment. For the Judge below ruled that his mistake in this behalf would make him liable if he knew the fact that the offence was committed in North Carolina. It seems to me that it was necessary, not only to shew this, but also that the magistrate acted maliciously or corruptly. The leading case of Gwinne vs. Poole, 2 Lutw. 1560 to 1572, states the rule correctly; to make a justice liable for a matter out of his territorial jurisdiction, it must be shewn that he knew the matter, and that he proceeded for mere purpose of vexation ; and then that the action is case and not trespass. This makes him liable, not for mere error of judgment, but for the evil intent with which he acted. In Reid vs. Hood & Burdine, and Young vs. Herbert, it is plainly and fully decided that a magistrate is not liable, unless he acted from malicious or corrupt motives.
No other rule can be safely adopted against magistrates. For if they be liable for mere error of judgment, as to territorial jurisdiction, they will be harrassed by hundreds of cases, where the party has no merit, and can only stand on the point of law. But if the party be required to shew facts, from which it may be concluded that the justice, knowing that he had not jurisdiction, yet assumed it, to harrass an innocent man, or for the sake of gain, then justice will be done to both. The magistrate will be protected from vexatious suits, and a wrong done by him will be redressed.
*38 Originally, the courts in this State held that an action on the case would not lie against a justice of the peace, for any act done virtute officii; but if there was any just cause of complaint, he should be indicted for corruption or oppression; The State vs. Johnson, 1 Brev. 155; Lining vs. Bentham, 2 Bay, 1; and I am not prepared to say that it would not have been wise to have always adhered to that decision. But it has been departed from, and instead of an indictment, the action on the case has been held to lie for exactly the same causes for which an indictment might have been sustained. No one would contend that a magistrate, for causing the perpetrator of a flagitious misdemeanor in a neighboring State to be arrested, would be guilty of such a crime as would subject him to punishment. The evil intent is wanting. For every one says it is perfectly right that such an offender should be punished; nothing saves him but a nice law 'point, upon which many a Judge might commit the very error which Grice committed.
The case of Perrin vs. Calhoun, 2 Brev. 248, was trespass against a magistrate for illegally countersigning a warrant from Georgia, and causing the defendant to be arrested. In that case it was held, even where he had no shadow of authority to do the act he did, that yet his motives would, if pure, go far in mitigation. If that action had been case, which proceeds upon the special circumstances and the very right of the case, the Judges would have held that the magistrate was not liable, if he acted from good motives. But as his countersigning the warrant was wholly illegal, and no exercise of any powers belonging to a justice, he was a trespasser, as much so as if he had seized the defendant himself; and hence his whole excuse was in mitigation.
In Armstrong vs. Campbell, 2 Brev. 259, the Judges recognise a plain distinction, that when a magistrate acts ministerially he is liable, if he does not follow the law; but if he acts judicially, that he is not liable, unless he acts from evil motives.